08-4698-cv
Bryan v. City of New York

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 2nd day of February, two thousand and ten.

Present: RICHARD C. WESLEY,
GERARD E. LYNCH,
           *Circuit Judges*,
MARK R. KRAVITZ,*
           *District Judge*.

─────────────────────────────────────────

ANDRES BRYAN,

           *Plaintiff-Appellant,*

       v.                                 08-4698-cv

A.D.A. ADRIENNE LLOYD,
A.D.A. OLIVIA ROSARIO,

           *Defendants-Appellees,*

CITY OF NEW YORK, GEOVANA REYES,
DELIA SANTIAGO, TATYANA PICO,
AND DENICE VIVA,

           *Defendants.*

─────────────────────────────────────────

* The Honorable Mark R. Kravitz, of the United States District Court for the District of Connecticut, sitting by designation.

1

For Plaintiff-Appellant:           ANDRES BRYAN, *pro se*,
                                   Brooklyn, New York.

For Defendants-Appellees:          PAMELA SEIDER DOLGOW, The
                                   City of New York Law
                                   Department, Appeals
                                   Division, *for* Michael A.
                                   Cardozo, Corporation
                                   Counsel, New York, New York.

Appeal from the United States District Court for the Eastern District of New York (Ross, *J.*).

**UPON DUE CONSIDERATION**, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the judgment of the United States District Court for the Eastern District of New York be and hereby is **AFFIRMED**.

Andres Bryan appeals from the district court's judgment granting the defendants' motion to dismiss his 42 U.S.C. § 1983 complaint. We assume the parties' familiarity with the facts, proceedings below, and specification of issues on appeal.

This Court reviews "*de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). To survive a motion to dismiss, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (per curiam). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

Having conducted an independent and *de novo* review of the record in light of these principles, we affirm the district court's judgment for substantially the same reasons stated by the district court in its thorough and well-reasoned opinion.[1]

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[1] Plaintiff appears to assert for the first time in his notice of appeal that he did not receive a copy of the district court's order warning him that the complaint against defendants Geovana Reyes, Delia Santiago, Tatyana Pico, and Denise Viva would be dismissed unless those defendants were served by December 10, 2007, or plaintiff demonstrated good cause for failing to timely effect service of process. Even if true, that would not excuse plaintiff's failure to effect service for over a year after the filing of the complaint. "[P]arties have an obligation to monitor the docket sheet to inform themselves of the entry of orders." *U.S. ex rel. McAllan v. City of N.Y.*, 248 F.3d 48, 53 (2d Cir. 2001).

3